UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lonnie Little, and Ellen Little,

      Plaintiffs,

vs.

Michael Ian Striker, Zak Paul
Manuszak, James M. Boo,
Robert Michael Keelin,

      Defendants.    Civ. No. 05-2387
        (DWF/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

  This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(A) and (B).

  This matter was initiated on October 12, 2005, by the filing of a Complaint with the Clerk of Court. On February 21, 2006, it having appeared that one hundred and twenty (120) days had passed, and that the Defendant Zak Paul Manuszak ("Manuszak") had not been served with the Complaint and Summons as required by

Rule 4(m), Federal Rules of Civil Procedure, this Court issued an Order, which directed the Plaintiffs to provide good cause for an extension of time in which service could be effected upon Manuszak. In response, the Plaintiffs requested additional time to effect service of process, and authorization to effect service of process by publication. Docket No. 10.

On April 19, 2006, we granted the Plaintiffs additional time, until May 31, 2006, in which to effect service upon Manuszak. Docket No. 12. However, in our Order, we declined to authorize service by publication based on the existing Record, and noted that the Plaintiffs had yet to file an Affidavit with the Clerk of Court that fully complied with the requirements of Rule 4.04(a)(1), Minnesota Rules of Civil Procedure. As a result, we directed the Plaintiffs to file an Affidavit with the Clerk of Court by no later than May 3, 2006, in the event that the Plaintiffs wished to effectuate service of process by publication. No further filing was forthcoming from the Plaintiffs, until their filing of an "Affidavit of Service by Publication" on June 15, 2006. See, Docket No. 13. However, that Affidavit was filed **after** their attempted service by publication, which began on June 13, 2006.

Accordingly, we found that the Plaintiffs failed to comply with their obligation to file an Affidavit meeting the requirements set forth in Rule 4.04(a), as well as our

Order of April 19, 2006, prior to their attempted service by publication, rendering their attempts at service by publication ineffective. Order, Docket No. 15; see also, Schuett v. Powers, 180 N.W.2d 253, 254 (1970)(finding that publication failed to effect service upon a defendant, under Rule 4.04, when "the publication began some 4 days Prior to the filing of the affidavit."); United States v. House, 100 F. Supp. 2d 967, 972 (D. Minn. 2000)("[I]f an Affidavit is not filed **prior** to the publication of the first Notice, a Court does not obtain jurisdiction.")[emphasis added]. In our Order of June 22, 2006, we afforded the Plaintiffs one final opportunity to effectuate service, and expressly noted as follows:

> As such, we will afford the Plaintiffs one final opportunity to effect service of process on Manuszak, and extend the deadline for service until **July 31, 2006**. In the event that the Plaintiffs wish to effectuate service of process by publication, we direct them to file an Affidavit with the Clerk of Court, which fully complies with the requirements of Rule 4.04(a), **by no later than July 3, 2006**. The failure of the Plaintiffs to comply with this Order, including the time limitations contained herein, will result in a recommendation that the action be dismissed, as to Manuszak, but without prejudice, for failure to prosecute. See, Rule 41(b), Federal Rules of Civil Procedure.

Order, Docket No. 15, at 5 (footnote omitted).

In response, the Plaintiffs filed another Affidavit of Service by Publication with the Court on July 5, 2006, which reiterated the fact that publication of the Summons began

on June 13, 2006.  <u>Docket No. 16</u>.  As we had previously found, and as we had fully explained to the Plaintiffs on **two** separate occasions, the filing of the Affidavit must **precede** the publication of the Summons, in order to properly effectuate service.  See, <u>Rule 4.04(a), Minnesota Rules of Civil Procedure;</u> <u>Schuett v. Powers</u>, supra at 254; <u>United States v. House</u>, supra at 972.

As we forewarned the Plaintiffs, we find that they have failed to comply with the directives set forth in our previous Orders, and have failed to comply with the requirements of Rule 4.04(a), Minnesota Rules of Civil Procedure.  Accordingly, we recommend that this action be dismissed as to Manuszak, but without prejudice, owing to the Plaintiffs' failure to comply with our previous Orders, and for want of prosecute.  See, <u>Rule 41(b), Federal Rules of Civil Procedure</u>.  Given the Plaintiffs' adamant refusal to comply with our prior Orders, or to provide the Court with a cogent showing that those Orders, and their directives, were in error, the Plaintiffs have satisfied us that they are not to be constrained with Rules other than their own personal elections.  We cannot be further, unnecessarily burdened with prodding counsel for the Plaintiffs to comply with applicable law and, in fact, we are sorely tempted to recommend a dismissal with prejudice, but the Plaintiffs should not be so adversely impacted by the apparent obstinacy of their counsel.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be dismissed, as to the Defendant Zak Paul Manuszak, but without prejudice, for failure to comply with this Court's previous Orders, and for failure to prosecute.

Dated: August 24, 2006                           s/Raymond L. Erickson
                                                 Raymond L. Erickson
                                                 CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 11, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 11, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.