UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Lonnie and Ellen Little,

Plaintiffs,

vs.                                                    REPORT AND RECOMMENDATION

Michael Ian Striker, Zak Paul
Manuszak, James M. Boo,
Robert Michael Keelin,

Defendants.            Civ. No. 05-2387 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion for Default Judgment on Damages. A Hearing on the Motion was conducted on August 30, 2007, at which time, the Plaintiffs Lonnie and Ellen Little (the "Littles") appeared by Karl A. Oliver, Esq., and no appearance was made by, or on behalf of, the Defendant. For reasons which follow, we recommend that the Littles' Motion for Default Judgment on Damages be granted.

II. <u>Procedural History</u>

This case arises from the Littles' Complaint, in which they allege that U.S. Equities of Minnesota, Inc. ("U.S. Equities"), and four (4) affiliated individuals, Zak Paul Manuszak ("Manuszak"), Michael Ian Striker ("Striker"), Robert Michael Keelin ("Keelin"), and James M. Boo ("Boo"), defrauded them of the value of their home by ostensibly refinancing the Littles' home, and subsequently failing to execute a contract for deed.  See, <u>Complaint</u>, <u>Docket No. 1</u>.

Several parties have been dismissed from this action.  Manuszak, who the Littles characterize as having gone into "deep underground," by hiding from creditors and law enforcement, has been dismissed from this case because of the Littles' failure to effect proper service by publication.  See, <u>Docket No. 25</u>.  Striker has filed for bankruptcy, and has been voluntarily dismissed, see, <u>Docket No. 14</u>, and, on March 7, 2006, the Clerk of Court entered default against Keelin.  See, <u>Docket No. 11.</u>  On September 22, 2006, Boo moved for Summary Judgment, see, <u>Docket No. 19</u>, and on October 22, 2006, the Littles moved for a Default Judgment against Keelin.  See, <u>Docket No. 27</u>.

On January 24, 2007, we issued a Report, see, <u>Docket No. 39</u>, which recommended that Boo's Motion for Summary Judgment be granted, and that the

Plaintiffs' Motion for a Judgment of Default against Keelin be granted, with the appropriate measure of damages to be determined when Judgment on all of the claims against Boo had been adjudicated.[1]   By Order dated February 13, 2007, the District Court adopted our Recommendation, see, <u>Docket No. 40</u>, and the Judgment against Keelin became final when no appeal was taken by any party within thirty (30) days of the decision of the District Court.   See, <u>Rule 4(a)(1)(A), Federal Rules of Appellate Procedure</u>.

On July 12, 2007, we conducted an initial Hearing on the Littles' Motion for Default Judgment on Damages, as to Keelin.  See, <u>Docket No. 49</u>.  At that time, we noted that the Littles had failed to effect service of the Notice of that Hearing on Keelin, and we deferred a Hearing on the merits of the Littles' Motion until their counsel could provide the Court with authority as to the effect, if any, of the failure to

---

[1]In our Report and Recommendation, we noted that, while the Littles had submitted an Affidavit, which established that Keelin was personally served with the Motion for Default on December 5, 2005, see, <u>Docket No. 9-2</u>, as they were required to do under Rule 55(a), Federal Rules of Civil Procedure, they had not submitted any evidence that Keelin was not an infant, incompetent person, or was not currently serving in the military, and we made our recommendation conditioned on the submission of such evidence.  On July 7, 2007, the Littles complied with our directive, and filed an Affidavit attesting to Keelin's majority, competency, and non-military status.  See, <u>Affidavit</u>, <u>Docket No. 48</u>.

effect service of the Motion papers upon Keelin.  By letter dated July 19, 2007, see,

Docket No. 50, the Littles argued that Rule 55(b)(2), Federal Rules of Civil Procedure,

distinguishes between parties who have made an appearance in an action, and those

who have not, and does not require service of a Notice of an Application for a Default

Judgment on parties who have been served with a Summons and Complaint, but who

have not appeared.[2]

After reviewing the Littles' argument, and conducting our own independent

research, we conclude that their failure to serve Keelin with a Notice of the Hearing on

the Motion for Default Judgment is not fatal to their Motion for damages.  See,

Trustees of the St. Paul Electrical Construction Industry Fringe Benefit Funds, 485 F.

Supp.2d 1063, 1065 (D. Minn. 2007)("If the defendant does not make an appearance,

the plaintiff is not required to serve any papers on him after serving the summons and

complaint * * * the defendant is not even entitled to notice that the plaintiff is moving

---

[2]Rule 55(b)(2), Federal Rules of Civil Procedure, provides in pertinent part as
follows:

> If the party against whom judgment by default is sought has
> appeared in the action, the party (or, if appearing by
> representative, the party's representative) shall be served
> with written notice of the application for judgment at least
> 3 days prior to the hearing on such application.

for entry of a default judgment against him."); see also, <u>Richardson v. Intown Suites Burnsville, L.P.</u>, 2006 WL 752940 at * 1 n. 3 (D. Minn., March 22, 2006); cf., <u>United States on behalf of Time Equipment Rental v. Harre</u>, 983 F.2d 128, 130 (8th Cir. 1993)(finding that where a party files a late Answer, he has appeared in the case, and is entitled to Notice of a Hearing on Default Judgment).  Accordingly, we turn to the merits of the Littles' Motion.

III.  <u>Findings of Fact</u>

1.     At all times relevant to this action, the Littles were husband and wife,  and citizens of the State of Minnesota.  The Littles owned property on 13th St. SE, St. Cloud, in Stearns County, Minnesota (the "Property"), which was their personal residence.

2.     In 2004, the Littles entered an agreement, with U.S. Equities, by which U.S. Equities agreed to pay off a total of $231,926.99 on the Property, which included a redemption of the Littles' first mortgage, and several other debts.  In exchange for the debt payment, the Littles were required to deed their home to U.S. Equities, or to one of its affiliates, and were told, by U.S. Equities, that they could repurchase the property for $267,775.00.  See, <u>Affidavit of Little</u>, <u>Docket No. 47</u>, at Exhibit A.

3.     The Littles allege, based on their ownership of the Property, that the value of the Property was $315,000.00.   "In Minnesota, the owner of property is 'presumptively acquainted with its value' and may testify thereto, and may as a rule testify as to its value without any particular foundation being laid." Bury v. Bury, 416 N.W.2d 133, 135 (Minn. App. 1987), citing, and quoting, Johnson v. Johnson, 392 N.W.2d 922, 925 (Minn. App. 1986), quoting, in turn, Lehman v. Hansord Pontiac Co., 74 N.W.2d 305, 309 (Minn. 1955); see also, McKee v. Brunelle, 2003 WL 1903921 at *1 (D. Minn., April 15, 2003); Haefele v. Haefele, 621 N.W.2d 758, 763 (Minn. App. 20001); Housing and Redevelopment Authority v. Zweigbaum, 100 N.W.2d 719, 721 (1960).

As support for their valuation of the Property, the Littles have submitted a Purchase Agreement, dated February of 2004, by which the Littles transferred the Property to an investor affiliated with U.S. Equities, with a sales price of $315,000.00, id. at Exhibit B, a closing HUD 1 Statement, that lists the contract sales price as $315,000.00, id. at Exhibit C, an appraisal of the Property performed in March of 2004, id. at Exhibit E, and a title insurance policy for the Property that was issued to the new owner of the Property, with coverage for $315,000.00.  Id. at Exhibit F.

- 6 -

4.      The Littles claim that they were forced to move from the Property in 2004, after U.S. Equities failed to fulfill their promise to provide the Littles with a contract for deed, and that the Littles have not been able to recover possession of the Property.

5.      The Defendant Keelin was at all relevant times an employee/agent of U.S. Equities.

6.      The Littles allege that, as a direct result of the acts of the Defendants, they have sustained damages of $83,073.01, which is the difference between the value of the Property [$315,000.00], and the amount that U.S. Equities paid out on their behalf [$231,926.99].

7.      The cause of action, that the Littles allege, arises under the Minnesota Consumer Fraud Act ("MCFA"), Minnesota Statutes Section 325F.68-70.  Minnesota Statutes Section 8.31, Subdivision 3a, authorizes a private action for injunctive relief, and for damages, arising from violations of the MCFA.[3]

---

[3]In their Complaint, the Littles also allege violations of the Federal Truth in Lending Act, Title 15 U.S.C. §1640(e), as well as several State law tort claims, but they seek damages, as to their Default Judgment against Keelin, based only on the Minnesota Consumer Fraud Act.  See, Memorandum in Support, Docket No. 46, at p. 5; Affidavit in Support, Docket No. 47, at ¶1.

8.      Jurisdiction for this action arises under Title 28 U.S.C. §§1331 (Federal Question Jurisdiction), 1337 (proceedings arising under an act of Congress regulating commerce), and 1367(a)(supplemental jurisdiction).

9.      Jurisdiction over the person of Keelin has been effected by proper personal service.  See, <u>Docket No. 9-2</u>.  Keelin is in default and, on March 7, 2006, the Clerk of this Court entered Default against Keelin.  See, <u>Docket No. 11</u>.

10.     Venue is proper in this Court,  pursuant to Title 28 U.S.C. §1391(a), as all or a substantial part of the events, or omissions, which give rise to the claims in this action, occurred in this District.

IV.  <u>Conclusions of Law</u>

1.     The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 (Federal Question Jurisdiction), 1337 (proceedings arising under an act of Congress regulating commerce), and 1367(a)(supplemental jurisdiction), and, as provided in Title 28 U.S.C. §1391(a), venue is proper within this District.

2.     Service was properly made upon Keelin, the Court has personal jurisdiction over Keelin, and a default against him was properly entered.

3.     Keelin has failed to plead, or to otherwise defend, and that fact has been made to appear by evidence, including affidavits, as adduced at the time of the Hearing in this matter.  As a result, the Littles are entitled to the entry of a Default Judgment against the Defendant.

4.     The applicable statutory provisions, see, <u>Minnesota Statutes Section 8.31, Subdivision 3a</u>, allow private individuals to bring a civil action to recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the Court, for a violation of the MCPA, <u>Minnesota Statutes Section 325F.67-72</u>.  See, <u>Weigand v. Walser Auto. Groups, Inc.</u>, 683 N.W.2d 807, 809 (Minn. 2004).

5.     Keelin is obligated to pay to the Defendants the amount of their damages, which is $83,073.01.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Plaintiff's Motion for Default Judgment, as to Damages [Docket No. 44] be granted.

2.     That the Plaintiffs Lonnie and Ellen Little, be awarded the sum of $83,073.01, in monetary damages, against the Defendant Robert Michael Keelin.

3.     That the Plaintiffs may bring an additional claim to seek to recover the reimbursement of appropriate Court costs and expenses, reasonable attorney fees, and post-Judgment interest.

Dated:  November 14, 2007          s/Raymond L. Erickson
                                   Raymond L. Erickson
                                   CHIEF U.S.  MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties **by no later than December 3, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 3, 2007**,  unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.